Vince M. Verde CA Bar No. 202472
vince.verde@ogletreedeakins.com
Natalie R. Alameddine CA Bar No. 296423
natalie.alameddine@ogletreedeakins.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Park Tower, Suite 1500
695 Town Center Drive
Costa Mesa, CA  92626
Telephone:   714.800.7900
Facsimile:    714.754.1298

Attorneys for Defendant USF Reddaway Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT TIERNEY, an individual,<br><br>Plaintiff,<br><br>v.<br><br>USF REDDAWAY INC., an Oregon corporation; and DOES 1 through 20 inclusive,<br><br>Defendants. | Case No. SACV15-01821 JVS (DFMx)<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Complaint Filed:  September 22, 2015<br>Trial Date:          February 7, 2017<br>Judge:                Hon. James V. Selna |

In order to facilitate the exchange of information and documents which may be confidential, private, or otherwise subject to limitations on disclosure due to federal or state laws, privacy rights, or otherwise, Plaintiff Scott Tierney ("Plaintiff") and Defendant USF Reddaway Inc. ("Defendant") (collectively, the "Parties") stipulate as follows:

**1.    Definitions.** The Parties stipulate to the following definitions:

   a.    "Proceeding" means the above-entitled proceeding, Case No. SACV15-01821 JVS (DFMx).

   b.    "Court" means the District Judge James V. Selna and Magistrate Judge Douglas F. McCormick, or any other judge to which this Proceeding may be assigned, including Court staff participating in such proceedings.

c. "Confidential Materials" means any Documents, Testimony or Information as defined below designated as "Confidential" under the provisions of this Stipulation and Protective Order.

d. "Designating Party" means the Party that designates Materials as "Confidential."

e. "Disclose," "Disclosed," or "Disclosure" means to reveal, divulge, give, or make available Materials, or any part thereof, or any information contained therein.

f. "Documents" is synonymous in meaning and scope with the definition of "documents" under Federal Rule of Civil Procedure 34(a).

g. "Information" means the content of Documents or Testimony.

h. "Testimony" means all depositions, declarations, or other testimony taken or used in this Proceeding.

**2. No Waiver of Discovery Rights and Privileges.** The entry of this Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to discovery, including any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion. Nothing herein restricts any Party's discovery rights under the code.

**3. Designating Documents, Testimony, or Information as "Confidential."** Any Documents, Testimony, or Information to be designated as "Confidential" must be clearly so designated before the Document, Testimony, or Information is Disclosed or produced.

a. <u>Documents</u>. For Documents (apart from transcripts of depositions or other pretrial or trial proceedings), the Designating Party must affix the legend "Confidential" on each page of any Document containing such designated Confidential Material. The "Confidential" designation should not obscure or interfere with the legibility of the designated Information.

b.  <u>Testimony</u>. For Testimony given in depositions the Designating Party may either:

i.  identify on the record, before the close of the deposition, all "Confidential" Testimony, by specifying all portions of the Testimony that qualify as "Confidential;" or

ii.  designate the entirety of the Testimony at the deposition as "Confidential" (before the deposition is concluded) with the right to identify more specific portions of the Testimony as to which protection is sought within 30 days following receipt of the deposition transcript. In circumstances where portions of the deposition Testimony are designated for protection, the transcript pages containing "Confidential" Information may be separately bound by the court reporter, who must affix to the top of each page the legend "Confidential," as instructed by the Designating Party.

c.  <u>Information</u>. For Information produced in some form other than Documents, and for any other tangible items, including, without limitation, compact discs or DVDs, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential." If only portions of the Information or item warrant protection, the Designating Party, to the extent practicable, must identify the "Confidential" portions.

**4.  Inadvertent Production of Confidential Material.** The inadvertent production by any of the undersigned Parties or non-Parties to the Proceedings of any Confidential Material during discovery in this Proceeding without a "Confidential" designation, does not waive any claim that the item is "Confidential."

a.  <u>Notice</u>. If any Confidential Material is inadvertently produced without such designation, the Party that inadvertently produced the document must give written notice of the inadvertent production within 20 days of discovery of the inadvertent production, together with a further copy of the subject Document,

3
STIPULATION AND PROTECTIVE ORDER

Testimony, or Information designated as "Confidential" (the "Inadvertent Production Notice").

    b. <u>Receiving Party's Obligations</u>. After receiving the Inadvertent Production Notice, the Party that received the inadvertently produced Document, Testimony, or Information must promptly destroy it and all copies thereof, or return it together with all copies of same to the producing Party's counsel at the producing Party's expense. Should the receiving Party choose to destroy the inadvertently produced Document, Testimony, or Information, the receiving Party must notify the producing Party in writing of such destruction within 10 days of receipt of written notice of the inadvertent production. If this provision conflicts with any applicable law or rule regarding waiver of confidentiality through the inadvertent production of Documents, Testimony, or Information, such law will govern.

  **5.** **Objecting to "Confidential" Designation.** If counsel for a Party receiving Documents, Testimony, or Information designated as "Confidential" objects to this designation, counsel for the receiving Party must advise counsel for the Designating Party in writing of the objection(s), including the specific reasons and support for such objections (the "Designation Objections"). Counsel for the Designating Party will have 14 days from receiving the written Designation Objections to either (a) agree in writing to de-designate Documents, Testimony, or Information pursuant to the Designation Objections and/or (b) file a motion with the Court seeking to uphold any or all designations on Documents, Testimony, or Information addressed by the Designation Objections (the "Designation Motion"). Pending a resolution of the Designation Motion by the Court, any existing designations on the Documents, Testimony or Information at issue in such Motion will remain in place. The Designating Party will have the burden on any Designation Motion of establishing the applicability of its "Confidential" designation. If the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony, or Information must be de-designated in accordance with the

Designation Objection applicable to such material.

**6.     Access to Confidential Materials.** Only the following persons may view Confidential Materials:

    a.     The Parties;

    b.     The Parties' counsel, including their partners, associates, paralegals, assistants, staff, employees, contractors, and outside copying services who are working on this Proceeding and to whom it is necessary that the Confidential Materials be Disclosed for purposes of this Proceeding;

    c.     Expert witness or consultants consulted by the Parties or their counsel in connection with the Proceeding;

    d.     any person who authored, received, saw, or otherwise previously knew the contents of the Confidential Material;

    e.     court reporters in this Proceeding (whether at depositions, hearings, or any other proceeding);

    f.     mediator or approved settlement officer; and

    g.     the Court.

**7.     Certification Required of Experts Before Viewing Confidential Materials.** Before Confidential Materials are disclosed to any expert witnesses or consultants, the disclosing Party's counsel must provide a copy of this Stipulation and Protective Order to such person, explain its terms to such person, and require them to sign the form attached as Exhibit A.

**8.     Use of Confidential Materials.** Confidential Materials may only be used by the persons receiving them and only for the purposes of preparing for, conducting, participating in, or prosecuting or defending the Proceeding, and not for any other purpose.

**9.     Relief from this Stipulation and Protective Order.** Any Party to the Proceeding (or other person subject to the terms of this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the

Proceeding, to modify or grant relief from, any provision of this Stipulation and Protective Order.

**10. Third-Party Designation of Documents, Testimony, or Information as "Confidential."** Any Documents, Testimony, or Information that may be produced by a non-Party witness in discovery in the Proceeding pursuant to subpoena or otherwise may be designated by such non-Party as "Confidential" under the terms of this Stipulation and Protective Order. This designation will have the same force and effect, and create the same duties and obligations, as if made by one of the Parties. This designation will also function as a consent by the producing Party to the authority of the Court in the Proceeding to resolve any motion or other application made by any person or Party regarding the designation.

**11. Subpoena of Confidential Materials.** If any person subject to this Stipulation and Protective Order who has custody of any Confidential Materials receives a subpoena or other process from any government or other person or entity demanding production of Confidential Materials, the recipient of the subpoena must promptly notify counsel for the Designating Party by email, attaching a copy of the subpoena. Upon receiving this notice, the Designating Party may, in its sole discretion and at its own cost, move to quash or limit the subpoena, otherwise oppose production of the Confidential Materials, and/or seek to obtain confidential treatment of such Confidential Materials from the subpoenaing person or entity to the fullest extent available under law. The recipient of the subpoena may not produce any Confidential Materials in response to the subpoena before the date specified for production in the subpoena.

**12. Notice of Disclosure of Confidential Materials.** If any non-Designating Party becomes aware that any person, including the non-Designating Party, their employees, witnesses, consultants, or vendors, has disclosed Confidential Materials other than in the manner authorized by this Stipulation and Protective Order, the non-Designating Party must immediately notify the Designating Party and cooperate to the

fullest extent possible in remedying such disclosure. The non-Designating Party providing notice and/or remedying the disclosure of Confidential Materials will not preclude the Designating Party from pursuing any remedies available under applicable law or procedural rules, including the imposition of sanctions against the non-Designating Party.

**13.     Filing of Confidential Materials.** The Parties agree to comply with the applicable rules of procedure and/or judge's rules or standing order regarding the filing of Confidential Materials. If no such rules exist or apply, the Parties agree to meet and confer regarding the appropriate procedure for filing confidential materials before filing such materials.

**14.     Use of Confidential Materials at Trial.** The Parties agree to comply with the applicable rules of procedure and/or judge's rules or standing order regarding the use of Confidential Materials at trial. If no such rules exist or apply, the Parties agree to meet and confer regarding the appropriate procedure for using Confidential Materials at trial before using such materials at trial.

**15.     Stipulation and Protective Order Remain Binding after Proceeding Ends.** This Stipulation and Protective Order will continue to be binding after the conclusion of this Proceeding and all subsequent proceedings arising from this Proceeding, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Stipulation and Protective Order. If permitted by applicable law, the Court will retain jurisdiction to enforce, modify, or reconsider this Stipulation and Protective Order, even after the Proceeding ends.

**16.     Destruction or Return of Confidential Materials after Proceeding Ends.** Upon written request made within 30 days after this Proceeding ends, the Parties will have 30 days to either (a) promptly return to counsel for each Designating Party all Confidential Materials and all copies thereof (except that counsel for each Party may maintain in its files, in continuing compliance with the terms of this Stipulation

7
STIPULATION AND PROTECTIVE ORDER

Stipulation and Proposed Protective

1  and Protective Order, all work product, and one copy of each pleading filed with the
2  Court and one copy of each deposition together with the exhibits marked at the
3  deposition), (b) agree with counsel for the Designating Party upon appropriate methods
4  and certification of destruction or other disposition of such Confidential Materials, or
5  (c) as to any Documents, Testimony or other Information not addressed by parts (a)
6  and (b) of this paragraph, file a motion seeking a Court order regarding proper
7  preservation of such Materials. If permitted by law, the Court will retain jurisdiction to
8  review and rule upon the motion referred to in part (c) of this paragraph.

9  **17.  Confidential Materials Produced Before Filing of this Stipulation and
10 Protective Order.** Defendant's counsel will promptly file this Stipulation and
11 Protective Order once it is signed by all Parties. However, the Parties agree to be bound
12 by the terms of this Stipulation and Protective Order with regard to any Confidential
13 Materials produced before such filing.

14 **18.  Agreement to Be Bound Pending Court Approval of this Stipulation
15 and Protective Order.** The Parties and all signatories to the Certification attached as
16 Exhibit A agree to be bound by this Stipulation and Protective Order pending its
17 approval and entry by the Court. If the Court modifies this Stipulation and Protective
18 Order, or if the Court enters a different protective order, the Parties agree to be bound
19 by this Stipulation and Protective Order until either event occurs.

20 **19.  Entire Agreement.** This Stipulation and Protective Order represents the
21 entire agreement between the Parties with respect to the designation, handling, and use
22 of Confidential Materials.

23 ///
24 ///
25 ///
26 ///

Stipulation and
Proposed Protective

27 **20.  Counterparts.** This Stipulation and Protective Order may be executed in
28 counterparts.

8
STIPULATION AND PROTECTIVE ORDER

| | | |
|---|---|---|
| DATED: August 26, 2016 | | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| | By: | /s/ Natalie R. Alameddine<br>Vince M. Verde<br>Natalie R. Alameddine<br>Attorneys for Defendant USF Reddaway Inc. |
| DATED: August 26, 2016 | | AEGIS LAW FIRM, PC |
| | By: | /s/ Ali S. Carlsen<br>Kashif Haque<br>Ali S. Carlsen<br>Attorneys for Plaintiff Scott Tierney |

Stipulation and Proposed Protective

## **ORDER**

Good cause appearing therefor, the Court approves this Stipulation and Protective Order.

**IT IS SO ORDERED.**

Dated: August 26, 2016

_____
Honorable Douglas F. McCormick

# EXHIBIT A

## CERTIFICATION RE CONFIDENTIAL MATERIALS

I certify and understand that:

1. I have received and reviewed a copy of the Stipulation and Protective Order entered in this Proceeding. I agree to be bound by its terms.

2. I understand and agree that any Confidential Materials provided to me in this Proceeding are subject to the terms and conditions of the Stipulation and Protective Order.

3. I agree not to disclose any Confidential Materials provided to me in this Proceeding to any person or entity unless I am expressly authorized to do so under the terms and conditions of the Stipulation and Protective Order, and only in the manner provided by the Stipulation and Protective Order.

4. I understand and agree that Confidential Materials may only be used for the purposes of this Proceeding and not for any other purpose.

5. I understand and agree that throughout my participating in this Proceeding that I must store Confidential Materials in a secure manner. I further understand and agree that when my participation in this Proceeding ends, I must return all Confidential Materials to counsel who provided me with such Confidential Materials or confirm in writing that I have destroyed all Confidential Materials that I received.

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct. Executed this _____ day of, _____20__, at _____,_____.


DATED: _____     BY: _____
                                    Signature


                                    _____
                                    Title and Company Name

*Tierney v. USF Reddaway Inc., et al.*
Case No. SACV15-01821 JVS (DFMx)

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of Orange in the office of a member of the bar of this court at whose direction the service was made. My business address is Park Tower, Suite 1500, 695 Town Center Drive, Costa Mesa, CA 92626.

On **August 26, 2016**, I served the following document(s):

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER**

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached service list.

☐ **BY MAIL:** I placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY HAND:** By placing the documents in an envelope or package addressed to the persons listed below and providing them to a professional messenger service for delivery.

☐ **BY OVERNIGHT DELIVERY:** I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., Costa Mesa, California. I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

☒ with the Clerk of the United States District Court of Central District of California, using the CM/ECF System. The Court's CM/ECF System will send an e-mail notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System.

☒ **(Federal)** I declare that I am employed in the office of a member of the State Bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on **August 26, 2016**, at Costa Mesa, California.

| Natalie R. Alameddine | /s/ Natalie R. Alameddine |
|---|---|
| Type or Print Name | Signature |

**SERVICE LIST**
*Tierney v. USF Reddaway Inc., et al.*
Case No. SACV15-01821 JVS (DFMx)

| | |
|---|---|
| AEGIS LAW FIRM, PC<br>Kashif Haque, SBN 218672<br>Ali S. Carlsen, SBN 289964<br>9811 Irvine Center Drive, Suite 100<br>Irvine, California 92618<br>Tel:   (949) 379-6250<br>Fax:   (949) 379-6251 | Attorneys for Plaintiff,<br>Scott Tierney |

25900798.1